**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**IN THE MATTER OF:** **CHAPTER 13:**

**LATOYA LOUISE STRAUGHTER** **CASE NO. 26-01930-JAW**

---

**TRUSTEE'S OBJECTION TO CONFIRMATION**

---

**COMES NOW,** Greta Martin on behalf of Torri Parker Martin, the duly appointed and qualified Standing Trustee, and files this Objection to Confirmation and in support thereof, would show unto the Court the following:

1. Pursuant to the Bankruptcy Code, the Trustee is charged with investigating the financial affairs of the Debtor.
2. The Debtor filed a Modified Chapter 13 Plan on July 23, 2026 (Dkt. #15) which proposes a sixty-month (60) term with monthly payments to the Trustee in the amount of $636.34 with one hundred percent (100%) distribution to unsecured creditors.
3. The Debtor's Schedule I identifies the Vicksburg Warren School District as the Debtor's employer and reflects gross monthly employment income in the amount of $8,003.67.
4. Schedule I reflects zero dollars ($0.00) in monthly net income from the operation of a business.
5. During the Meeting of Creditors conducted on August 10, 2026, the Debtor testified concerning a business she operated known as Charlee's Angels Boutique, noting that this business has not been operational for approximately four (4) to five (5) years.
6. Notwithstanding the lack of business operations, the Debtor further testified that a bank account associated with Charlee's Angels Boutique remains open and in use.
7. Upon review of provided financial documentation, it was noted that employment income from the Vicksburg Warren School District is deposited into the business account and that

the Debtor utilizes the account for personal transactions and payment of personal expenses.

8. The continued use of a business bank account for the deposit and expenditure of the Debtor's personal funds, despite the Debtor's testimony that the underlying business has not operated for approximately four (4) to five (5) years, requires further investigation by the Trustee.

9. Based upon the presently available information, the Trustee is unable to determine the current legal and financial status of Charlee's Angels Boutique; the ownership and title of the account; whether any business income, expenses, assets, liabilities, receivables, or other financial activity remain associated with the business; or whether the Debtor's schedules and statements fully and accurately disclose the Debtor's financial affairs.

10. The Trustee is further unable to determine whether funds deposited into or withdrawn from the account are exclusively personal funds of the Debtor or whether business and personal funds have been commingled.

11. Accordingly, the Trustee is requesting July, August, and September 2026 bank statements for this account for further review.

12. Additionally, the Debtor should be required to provide sufficient information and documentation concerning Charlee's Angels Boutique and the associated bank account before confirmation of the Plan.

WHEREFORE, PREMISES CONSIDERED, the Trustee prays that this Objection be received and filed and that, after notice and hearing, an Order be entered denying confirmation of the Debtor's Chapter 13 Plan; or, in the alternative, requiring the Debtor, within fourteen (14) days of this Objection, to:

a. Provide the Trustee with the requested bank statements for the account associated with

Charlee's Angels Boutique;

b. Provide documentation and information establishing the current legal status of Charlee's Angels Boutique and the approximate date upon which business operations ceased;

c. Identify whether Charlee's Angels Boutique has received any income or incurred any business expenses during the relevant prepetition or post-petition period;

d. Identify any remaining business assets, inventory, equipment, accounts receivable, liabilities, tax obligations, or other property or obligations associated with Charlee's Angels Boutique;

e. Provide an explanation concerning the continued use of the Charlee's Angels Boutique account for deposit of the Debtor's employment income and payment of the Debtor's personal expenses; and

f. Amend the Debtor's Schedules and/or Chapter 13 Plan, if necessary, to accurately disclose the Debtor's financial affairs following the Trustee's review of the requested information

and grant such other and further relief to which the Trustee and this bankruptcy estate may be entitled.

DATED: August 20, 2026

Respectfully submitted,

/s/ *Greta Kemp Martin*_______________

Greta K. Martin, MSB# 103672
Staff Attorney
Office of the Chapter 13 Standing Trustee
Torri Parker Martin
200 North Congress Street, Suite 400
Jackson, MS 39201
Office: (601) 981-9100
Fax: (601) 981-1983
Email: gmartin@tpmartinch13.com

**CERTIFICATE OF SERVICE**

I, Greta K. Martin, do hereby certify that I have this day submitted a true and correct copy of the above and foregoing to the following, all by U.S. Mail, postage prepaid, and/or electronic, ECF filing, to: Abigail Marbury, Asst. U. S. Trustee, USTPRegion05.JA.ECF@usdoj.gov, 501 E. Court Street, Suite 6.430, Jackson, MS 39201, and

**ATTORNEY FOR DEBTOR:**

Thomas Carl Rollins, Jr
The Rollins Law Firm, PLLC
PO BOX 13767
Jackson, MS 39236
601-500-5533
Email: trollins@therollinsfirm.com

DATED: August 20, 2026

/s/ *Greta Kemp Martin*______________
Greta K. Martin, MSB# 103672